Martin, J.
delivered the opinion of the court. This action is brought for the recovery of a tract of land; judgment by default was taken, for want of an answer, and was afterwards confirmed.
The plaintiff moved to have it set aside and to be allowed to file an answer.
1. Because the judgment was taken prematurely.
2. Because no judgment deciding on the property of land, can be taken without the appearance of the defendant.
The district court refused to set aside the judgment, or to allow the answer to be filed, and the plaintiff appealed.
His counsel urges as an error, apparent on the record, that the citation was not served on him, as the law requires, in the French and English languages.
The law provides, that the citation shall “together with the petition,” be delivered to the sheriff of the county where the defendant or defendants reside, and shall be served, by delivering a copy of the petition and citation, in *302 the French and English languages, to the de-lendant, or leaving such copy, in case the defendant should be absent, at his usual place of resjdence, with some free member of the family, above the age of fourteen. 2 Martin's Dig. 150.
The sheriff’s return is, “served petition and citation on the defendant, February 22d, 1821.” The law does not appear to us to require that the petition should be filed, nor the citation drawn in both languages, nor that the copy of the petition delivered to the sheriff should be so; it only requires that the sheriff should deliver, to the defendant personally, or leave at his house, in case of his absence, a copy of these papers, in both languages.
The sheriff is required to endorse on the citation “ the time and manner in which he executed the same.”
All the information which is required from the sheriff besides the time of service, is as to the mode or manner of service, i. e. in which of thé two modes, that are pointed out by law, the service has been effected, as the defendant was present or absent: personally in the first case; on some free member of the family, in the second. When this information is given, *303 it seems useless to add that the service was effected by giving a copy as the law requires, for as there is no alternative in this part of the service, this must be implied ; for otherwise the citation would not be served.
The defendant was served with the citation on the 22d of February, and the judgment by default was taken on the 8 th of March, and it is sworn that he resided at the distance of at least 15 leagues from the city óf New-Orleans.
“ The day of appearance, when the defendant resides in New-Orleans, shall be the tenth day after the date of the service of such citation : and the day of appearance, when the defendant resides out of the city of New-Qjr leans, shall be delayed, in addition to the said ten days, one day for every four leagues of the distance of his place of residence from said city.” Id. 152. :
The tenth day after the date of the service was, in this case, the 4th of March. Had the defendant resided at the d istance of twelve leagues from the city, he would have been entitled to a delay of three additional days, and the 7th of March would have been they day of appearance — -the three additional *304 leagues in the distance Do not entitle him to ° _ . . any delay: so that the judgment, by defaiA, was taken on the day following that of the appearance. — It was not therefore prematurely taken.
“If the defendant shall not appear on the day given in such citation, and file his answer, or file with the clerk an order from the judge, allowing such defendant further time for filing it, thetf the petitioner, or his counsel, may order judgment to be entered up against such defendant.” Id.
Thus far the law is general, and judgment is to be taken by default for want of an, answer, whether the object of the suit be the recovery of a tract of land, a chattel, or a debt.
The la w proceeds, “ If the court shall hold session three days after such a judgment, and no motion is made to set it aside, on shewing ^jgood cause, and to file an answer; or if such motion is made and over-ruled, then the said judgment shall be final, whenever the demand is liquidated by a note, bond, contract, or fipal judgment; and if the sum demanded be uncertain, the court shall proceed to hear testimony, assess the damages, and render final ⅛ judgment for the sum so assessed.” Id. ⅞
*305 It is urged, that, in the present case,the iudg-S ' ■ merit did not become filial, because the demand was not liquidated by a note, bond, contract, or final judgment; neither was there a sum assessed by the court — ergo, as is the case in suits for the recovery of land, the judgment by default did not become final, tinder the act of the legislature cited.
Be it so — before the passage of the act cited, tjie principle was that the neglect or refusal to answer of the defendant, contumacia, was equivalent to a denial, contestado. Aunque no se conteste la demanda, negándola, ó confesándola expresamente el reo, por ser habido por confeso habiendo contumacia en contestarla, como lo dice uria ley de la Recopilación, es habida por contestada, porque esta confesión ficta, ó fingida, induce contes-tación. Cur. Phil. Juicio Civil Contestacion, n.2.
In the present ease, after the judgment by default was taken, no motion being timely made to set it aside, the district court considered the evidence produced by the plaintiff and after ah inspection of the titles, being satisfied therewith, considering that the law was with the plaintiff, gave final judgment. ■
It is therefore ordered, adjudged and de- *306 créed, that the appeal be dismissed with ' rr costs. . .
Hennen for the plaintiff, Livingston for the defendant.