Porter, J.
delivered the opinion of the court. The plaintiff and appellant claimed in his petition, the sum of 364 dollars, by reason of a promissory note made to him by the defendant.
On the trial he produced a note payable to Pierre Flonion, for the amount mentioned. This note was not annexed to the petition, or made part of it by reference. The defendant objected, that it did not correspond with the allegation of the plaintiff and the court being of that opinion, there was judgment of non-suit, from which this appeal has been taken.
We think the court below did not err — the *548 note produced, on the face of it contained a promise to an individual, by a different name than the plaintiff; if it was intended to establish by evidence, dehors the instrument, that they were the same persons; the petition ought to have stated the note in the words it was made, and averred the identity. The defendant would then have been informed of the nature of the demand made on him, and have been enabled to come forward with proof, if he had any, to resist it.
East’n District.
May, 1822.
We have held in the cases of Canfield vs. M'Laughlin, 9 Martin, 303, Bryan and wife vs. Moore’s heirs, 11 ibid. 26, and in Larche vs. Jackson, ibid. 284; that where the parties alleged rights in one capacity, and proved them in another, without objection in the inferior court, we would proceed to give judgment on the merits. These cases were decided in pursuance of a provision in the Novissima Recopilacion, 11, 16, 2 ; and upon the consideration that the principle of law which requires proof, and allegation to correspond, was made for the protection of the adversary, who might wave it if he chose.
Should, however, the objection be made when the testimony is offered, the law which *549 authorised these decisions, does not apply; . and the equity on which they were founded vanishes. Another rule governs them; that which requires that there be no variance between the evidence and the demand. Febrero, lib. 3, cap. 1, sec. 7, n. 283, 8 Martin, 400.
Preston for the plaintiff, Morse for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.