East'n District.
May, 1823.

BROWN & AL.
vs.
RICHARDSONS.

———————

## BROWN & CO. vs. RICHARDSON & AL.

If the garnishees surrender all the property attached they are not obliged to answer interrogatories.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. We granted a re-hearing in this case from a doubt whether the facts as proved in evidence, authorised the application of the principle of law on which the liability of the defendant was decreed. The question has now been very fully gone into, and the counsel for the garnishees has also been heard in opposition to the judgment of the court so far as it affected them.

East'n District.
*May*, 1823.

BROWN & AL.
*vs.*
RICHARDSONS.

As it respects the defendant, we are satisfied no error was committed, if it should be found he was regularly before the court. He was sued as heir and endorser, and an investigation of his responsibility in his own right and as drawer, was gone into on the trial without opposition. This brings the case completely within the provision of the Spanish law on which we have already acted, in the cases of *Canfield* vs. *M'Laughlin, Bryant & wife* vs. *Moore's heirs, and Langlini & wife* vs. *Broussard.* 9 *Martin* 303; 11 *ib.* 26; 12 *ib.* 244.

The garnishees having failed to answer the interrogatories propounded to them by the plaintiff, we directed in pursuance of the act of 1811, (1 *Martin's Dig.* 520.) that they should pay the amount of the judgment, or that in default thereof, execution issue against them. Further reflection, and the argument of counsel have convinced us we should alter this decree, and we hasten to do so.

The attachment was served on the 15th of March, by law the garnishees had ten days to answer the interrogatories propounded them. Before the expiration of that period, however, two of the defendants applied to the court, and by consent of the plaintiff, obtained an order

East'n District.
May, 1823.

BROWN & AL.
vs.
RICHARDSONS.

that the property attached in the case, be delivered up to the defendants, on their giving bond and security pursuant to law.

It has been contended that this is only a release of the propety of two of the defendants, and that to give the words used any other construction, would be to contradict the sheriff's return, which states that he had levied generally on the property of the defendants. So we thought on the first argument of the case. The order of court does not however contradict the sheriff's return—it does not direct the property attached which belonged to two of the defendants to be given up, but the property attached in the case, to be given up to them. This necessarily means the whole property, any thing less would not be the property levied on, but a part of it.

That the garnishees had notice of the order and that the property attached was released, there can be no doubt. The bond given to the plaintiff in consequence thereof, is on record, and the approval of the plaintiff to the sureties furnished, is proved. Acting thus, in obedience to a mandate, directing them to surrender the property attached, they were not obliged to answer interrogatories; for if

East'n District.
*May*, 1823.

BROWN & AL.
*vs.*
RICHARDSONE.

they gave up all, they were no longer garnishees. They could not answer what was in their possession when the parties to the suit had taken it out of their hands.

We are not to be understood to say that even after a proceeding of this kind, the plaintiff might not still prove either by the oath of the garnishees, or otherwise, that they had not complied with the order to give up the effects held by them. But if responsibility was sought to be attached to them on that ground, it should have been suggested; they should have been notified; and an opportunity given them to contest it.

It has been urged that the evidence shows the garnishees did not surrender the property attached. We are not prepared to say so, but it certainly leaves the fact doubtful, and we shall therefore direct the cause to be remanded for further proceedings. The judgment formerly given must be modified accordingly.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed, that the case be remanded to the district court to

East'n District.
*May*, 1823.

BROWN & AL.
*vs.*
RICHARDSONS.

be proceeded in according to law, and that the appellee pay the costs of this appeal.

*Eustis* for the plaintiffs, *Hoffman* for the defendants, *Livingston* for the garnishees.