*M'NEILL* & *AL.* vs. *GLASS* & *AL.*

APPEAL from the court of the first district.

East'n District.
*May*, 1823.

M'NEILL & AL.
vs.
GLASS & AL.

MARTIN, J. delivered the opinion of the court. A quantity of cotton was shipped by the defendants to Wilkins & Linton for sale, the consignees being greatly in advance to the shippers. On the arrival of the steamboat which brought the cotton, and on the day the bill of lading was delivered to the consignees, the plaintiffs attached it for a debt due to them by the shippers. The claim of the consignees being disallowed in the district court, they appealed.

Goods shipped, cannot be attached after the bill of lading has come into the hands of the consignee.

The ground of the claim is that they are greatly in advance, and made sundry considerable acceptances for the consignees, for which they have a right to be paid out of the proceeds of the cotton.

The evidence shows that the alledged advances and acceptances were made, and that the cotton was attached on the day of the steamboat's arrival in New-Orleans, that the bill of lading reached the consignees in the morning of that day between eight and nine, and before any paper, relating to the attachment, was

left at their counting house. But it does not appear whether the attachment had then been laid.

The ground on which the district court rejected the claim, viz. " because the attachment was laid before the cotton came into the hands and possession of the claimants," does not appear to us tenable. We are of opinion that a bill of lading confers on the consignee a qualified property in the goods, of which he cannot be divested, either by the consignor or his creditors, without a previous adjustment and satisfaction of his claim.

This case differs but little from that of *Canfield & al.* vs. *M'Laughlin*, 9 *Martin*, 303; and the principle invoked by the claimants, was recognised in that of *Kirkman* vs. *Hamilton*, 5 *id.* 297.

In the case of *Norris* vs. *Mumford*, 4 *Martin*, 20, we held that the vendor's order to his clerk to deliver the thing sold, was not such a delivery of the thing, as would prevent its being seized by the vendor's creditors. But a bill of lading differs widely from an order. In the case of the bill of lading the goods shipped are *de facto et de jure* out of the

possession and control of the consignor, after

the bill reaches the hands of the consignee— while, after the delivery of the order, the vendor retains the actual possession and ostensible dominion over the thing sold; and, as a second vendee, deceived by the confidence of the first, may effectually purchase it, the creditors of the vendees may seize it; for they can seize whatever he may sell.

As however the testimony renders very probable indeed, although it does not place beyond doubt, the fact of the bill of lading coming into the claimant's hands before the attachment was laid; a fact which, as we cannot cross-examine witnesses, we cannot obtain. We deem the justice of the case requires that the cause be remanded for a new trial. It is true, parties must in general take care that all the evidence, necessary to support their pretensions, be drawn from the witnesses; but when the probability is very great that a fact exists, and the cause has gone off on some other point, against the rights of the party who claims the benefit of it, we think it our duty to afford him the opportunity of establishing it, especially as the sheriff, whose duty it was to have noted the precise time of his re-

East'n District. ceiving the process, has left that a blank in
May, 1823.
his return.

M'NEILL & AL.
  *vs.*
GLASS & AL.     It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be annulled, avoided, and reversed, and that
the case be remanded for a new trial, the costs
in this court to be borne by the plaintiffs and
appellees.

*Peirce* for the plaintiffs, *Workman* for the
defendants.