———o+o———

## *LEPRETRE & AL.* vs. *MIOTON.*

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the
court. The plaintiffs demand paymen*t* for five
boxes of sugar, sold and delivered to the de-
fendant.

Objections to
a verdict lose
much of their
weight, when
not made in the
court where
the cause was
tried.

The general issue was pleaded; and the
plaintiffs required to declare on oath, whether
they had any personal knowledge of the sale
and delivery; and if they had not, who was
their informant?

The plaintiff, Aubert, answered, it was in
his personal knowledge, that the sugar men-
tioned in the petition was sold and delivered to
the defendant, on the 15th of June, 1822, when

East'n District.
*Dec.* 1823.

LEPRETRE
& AL.
*vs.*
MIOTON.

the defendant came to their store, and applied for the sugar : That it being in the plaintiffs' house, in Jefferson street, the plaintiff, Aubert, was going to deliver it ; the defendant proposed that Norac, the plaintiffs' clerk, then in the store, should go and deliver it ; which the plaintiff, Aubert, directed ; when the said Nerac went and delivered it. That said Nerac is the plaintiffs' clerk ; and has no interest in their concern.

There was a verdict and judgment for the plaintiffs, and the defendant appealed.

The statement of facts shews, that Nerac deposed, that on the day mentioned, in the plaintiff Aubert's answer to the defendant's interrogatories, the latter having called for some sugar at the plaintiffs' store, on the levee, he was directed by the plaintiff Aubert. to go to their warehouse in Jefferson street, and deliver it : that accordingly he went, and did deliver the five boxes, mentioned in the petition, to the defendant ; who, since then, has several times bought other parcels of sugar from the plaintiffs, and paid for some of them : That the bill for the sugar mentioned in the petition, was not presented till some time before the inception of the present suit, when the defendant objected

East'n District.
Dec. 1823.

LEPRETRE
& AL.
vs.
MIOTON.

thereto. He owes the plaintiffs $600 or $700, for sugar purchased since that period.

Tessier deposed, that some time in January, 1822, while going for sugar to the plaintiffs' store, he was met by the defendant, who accompanied him thither: That on his asking for the sugar to the plaintiff Aubert, the latter answered, their sugars were in their warehouse in Jefferson street; and ordered their clerk (Nerac) to go and deliver the quantity wanted: That while the said Nerac was delivering the sugar to the witness, he inquired from the defendant, whether he did not also want sugar? and was answered in the negative; the defendant observing that he had lately bought a large parcel, much better than the plaintiffs' from S. Caruthers. The witness took the sugar away; and the defendant withdrew with him, without taking any.

Semandeire deposed, he has been employed for two years back in the defendant's house: that whenever the latter bought any provisions for his shop, he brought it to his house. He knows well that he had not any other place of deposit for such articles. He recollects perfectly well, that no box of sugar, or other provision, was stored by the defendant in January,

West'nDistrict
Sept. 1823.

LEPRETRE
& AL.
ve.
MIOTON.

1822. He recollects this, because he stored all the provisions bought by the defendant, and informed him when they were consumed: that at that period the defendant was well supplied with sugar, having lately purchased a large quantity of it from S. Caruther.

The defendant produced two receipted accounts for sugars bought of the plaintiffs, purchased in February and March, 1822, and paid for in May and July of the same year.

The appellant's counsel urges, that the jury erred, in concluding that every part of the plaintiff Aubert's answer to the interrogatories, ought to be noticed by them : that the delivery of the sugar not being as within the personal knowledge of Aubert, rested only on his hearsay.

That the defendant's witnesses and the receipts produced, shewed that Nerac was in an error, imagining that the sugar delivered to Tessier was delivered to the defendant.

It appears to us the plaintiffs have fully made out their proof. The testimony of Nerac alone would suffice. The evidence resulting from the answer to the interrogatories is uncontradicted by the defendant's witnesses and the receipted account are not in contradiction with it.

East'n District.
Dec. 1823.

LEPRETRE
& AL.
vs.
MIOTON.

Had payment been pleaded, it would have been proper to consider, whether receipts for parcels of sugar bought in February and March, 1.22, were not presumptive evidence of the payment for the supply of January of that year.

The fact whether the sugar claimed now and that delivered about the same time to Tessier, are two distinct parcels, might have been rendered clear by the cross-examination of Nerac; by a comparison of his account with that annexed to the petition.

If the defendant's counsel below apprehended that the jury would fall into the error suggested here, as to the weight or effect of the evidence resulting from the answer to the interrogatories, he might have guarded against it, by requiring the judge to charge the jury on this point; and if the error was not discovered before the verdict, relief might have been had on a motion to set it aside.

Objections to a verdict lose much of their weight, when they are not made before the court who tried the cause, who is the best judge of their weight. *Woolsey* vs. *Paulding*, 9 *Martin*, 286.

We do not think that the case is to be considered as one, in which damages ought to be given, for a frivolous appeal.

East'n District.
*Dec.* 1823.

LEPRETRE
& AL.
*vs.*
MIOTON.

It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be affirmed, with costs.

*Grima* for the plaintiffs, *Morphy* for the defendant.