*PARHAM* vs. *MURPHEE.*

APPEAL from the court of the third district.

PORTER, J., delivered the opinion of the court. This action was commenced by attachment, and the defendant pleaded in abatement, that the affidavit on which the writ issued was not sworn to by the agent of the petitioner.

The affidavit appears to have been made by the attorney at law of the plaintiff, and it is contended :

1st. That the court will not permit the authority of attornies regularly admitted to practice, to be contradicted, unless on affidavit.

2d. That the agent was duly appointed, and legal evidence was offered of the fact.

3d. That the possession of the notes sued on, is sufficient evidence of authority to bring the action, and every thing requisite to bring it legally and effectually.

I. The court will not permit the authority of an attorney at law to be disputed, while acting within the limits of the duties which his profession imposes on him. The moment he goes beyond them, the presumption which

*The authority of an attorney at law, cannot be disputed while he acts within the limits of his duties. But it makes no part of them to swear to the facts on which an attachment issue.*

*A power of attorney executed before a justice of the peace in another state, is not a record or a judicial proceeding, under the act of congress.*

*Possession of a note is* prima facie *evidence of title to it, but not evidence the possessor is acting for a third party.*

East'n. District.
*March*, 1826.

PARHAM
*vs.*
MURPHEE.

attaches to the regularity of his conduct, and the authority under which he acts, ceases. It is not a part of the duty of an attorney *at law* to make affidavits on which a writ of attachment may issue. As such his oath is insufficient. The statute requires the proof to be made by plaintiff, his agent, or his attorney *in fact*. *Acts of* 1817, 26, *sec.* 2; 1 *Mart. Dig.* 518, *sec.* 4.

II. The evidence of the agent's appointment is said to be furnished by a power of attorney executed in the state of Alabama. On the face of it, the instrument purports to be signed, sealed and delivered in the presence of A. W. Bell, justice of the peace. The clerk of the county court of Franklin, in that state, certifies that A. W. Bell, was an acting justice of the peace at the time of taking the acknowledgment, and that full faith and credit should be given to all his official acts, as such.

A certain James Davis, who styles himself judge of Franklin county court, certifies that Nafford is clerk, that his attestation is in due form of law, and that full faith and credit should therefore be given to his official acts, as such.

This is neither a record nor a judicial proceeding of another state, it is consequently

not embraced by the act of congress of the 20'h May, 1790. It is not the record, nor exemplification of an office book which may be kept in any public office of a state not appertaining to a court; it is therefore not included within the provisions of the act of 1804, supplementary to the act prescribing the mode in which the public acts, records and judicial proceedings of another state shall be authenticated. *Ingersoll's Abridg.* 1825, 298, 299; *Woolsey* vs. *Paulding*, 9 *Martin*, 294. We think the power was not legally proved, and we pass to the third and last ground.

III. That the possession of the note was sufficient evidence of the agency. The notes are not endorsed by the payee, and if the fact of possession were sufficient to establish the agency, it was almost unnecessary to provide as our law has done, how attornies in fact should be constituted; for in the greater number of cases, acting in the character of agent, would be sufficient to establish the authority to do so. Possession of notes and obligations is *prima facie* evidence of title to them, but not evidence the possessor is acting for a third party. The enumeration in our civil code of the various ways in which the contract

of mandate is formed, seems to exclude the idea that it is to be presumed from the mere fact of possessing the thing which forms the object of the mandate. None of the writers we have been able to consult, who treat on the subject of agency, consider possession as evidence of authority; on principle, we see no ground to consider it such. *Livermore on Agency*, *vol.* 1, 36; *Pothier Traité du Mandat*, 28 *a* 36; *Civil Code* 420, *chap.* 1.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; that the attachment granted in this case be dissolved, and that there be judgment of nonsuit; the plaintiff paying costs in both courts.

*Hiriart & Eustis* for the plaintiff, *Preston* for the defendant.