EASTERN DIST.
*April*, 1839.

EDMONSON
*vs.*
MISS. AND ALA.
RAIL ROAD CO.

EDMONSON *vs.* MISSISSIPPI AND ALABAMA RAIL ROAD COMP'Y.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

A curator *ad hoc*, appointed to represent an absent defendant, has no capacity or authority to waive prospectively in behalf of his client, the production of legal evidence, and he cannot bind him, by agreeing to dispense with the forms required by law in taking evidence.

The certificate of the governor, that the justice of the peace before whom certain testimony was taken on commission, was commissioned as such at the time, is insufficient to authenticate the evidence, or a document which the governor never saw, and was ignorant of its existence.

This is an attachment suit by a resident of the state of Mississippi, against the Mississippi and Alabama Rail Road Company ; a corporation established by law, and located at Brandon, in said state.

The plaintiff alleges, that the defendants are indebted to him in the sum of ten thousand dollars, for this amount of their bank notes, which he holds, and which they refuse to pay in the lawful money of the United States. He prays an attachment against certain property or effects of the defendants in this state, and for judgment for the amount of his demand and costs.

The attachments were levied on several individuals as garnishees, who were also cited to answer on oath in relation to the funds of the defendants in their hands.

A curator *ad hoc* was appointed to defend the suit.

On the trial, the plaintiff offered in evidence the certificates of protest of the notes sued on, purporting to be in the state of Mississippi, by W. C. Harper, as a justice of the peace and notary, which were objected to by the counsel for the defendants, on the ground that there was no proof of his official capacity or character, or of his signature ; the plaintiff also offered in evidence the following agreement of the curator *ad hoc*, in relation to the formalities in taking the testimony offered.

" It is agreed that a commission may issue in this case <span>EASTERN DIST.</span> addressed to any judge or justice of the peace, in the town of <span>*April*, 1839.</span> Brandon, or in Rankin county, Mississippi; and other proof <span>EDMONSON</span> of his official capacity than his own certificate is waived; <span>*vs.*</span> and it is further agreed, that if the testimony of any justice <span>MISS. AND ALA. RAIL ROAD CO.</span> of the peace, or notary public, should be taken under said commission, other proof of the official capacity of any such justice than his own oath, in answer to interrogatories shall be dispensed with, and not required on the trial of the cause." Signed by the curator.

The following certificate was also offered in evidence by the plaintiff:

" By A. G. M'Nutt, governor of the state of Mississippi : to all who shall see these presents. Be it known, that W. C. Harper, was an acting justice of the peace, and *ex-officio* notary public, on the 5th May, 1838, in and for the county of Rankin, and that full faith and credit are due to all his acts as such.

" Given under my hand, &c. at Jackson, this 22d day of October, 1838.                 A. G. M'NUTT.

" By the governor,

" BARRY W. BENSON, *Secretary of State.*"

All this evidence was objected to by the defendant's counsel; the agreement of the curator *ad hoc*, because the court had no right to appoint one until the expiration of ten days after issuing citation, and that the curator was without authority to make such admissions as were contained in the agreement ; and to the certificate of the governor, because not annexed to the commission to show the person to be the same person that executed it, &c. The court admitted this evidence, and the defendant's counsel took his bills of exception.

The plaintiff had a verdict and judgment for the amount of his claim, interest and costs; the defendants appealed,

*G. B. Duncan,* for the plaintiff.

Eastern Dist.
April, 1839.

*Strawbridge*, for the defendants.

EDMONSON
vs.
MISS. AND ALA.
RAIL ROAD CO.

*Rost, J.*, delivered the opinion of the court.

The plaintiff sued out an attachment against a large amount of bank notes, issued in the usual form by the defendants, who are a corporation having banking privileges, established in the state of Mississippi. Several garnishees were ordered to answer interrogatories on facts and articles, and some of them answered that they had in their possession cotton, to an amount more than sufficient to satisfy the claim.

The defendants came into court, filed a general denial and alleged, that the claim of the plaintiff had been attached at the suit of Hyde & Goodrich. The plaintiff obtained judgment in the first instance, and the defendants appealed.

The appellants have alleged in this court, that there is error in the admission of the evidence upon which the case was tried, as exhibited by their several bills of exception, which were taken to the opinion of the court.

I. Admitting in evidence certificates of protest, on the ground that there was no proof of the signature or capacity of the notary who made them.

II. To the admission of evidence taken under commission, on the ground that there was no proof of the signature or capacity of the person before whom it was taken.

III. That the certificate of the governor of the state of Mississippi was not attached to the commission, and did not authenticate the same as the act of the person who signed it.

*A curator ad hoc, appointed to represent an absent defendant, has no capacity or authority to waive prospectively in behalf of his client, the production of legal evidence; and he cannot bind him, by agreeing to dispense with the forms required by law in taking evidence.*

IV. That the curator *ad hoc*, appointed at the beginning by the court, to represent the absent defendants, had no capacity to waive prospectively in behalf of his client the production of legal evidence, in the manner he did.

We are of opinion, that these exceptions were well taken; the counsel appointed to represent the absent defendants, could not bind him not to require at any subsequent time, evidence of the judicial capacity of any judge or justice of the peace of the county of Rankin, in the state of Misssissippi, to whom a commission in the suit might be sent; nor

could he make him promise that he would never ask any other proof of the official capacity of any notary examined under such commissions, but his own oath to those facts. Upon a specific commission, and with a view to save costs and to speed the administration of justice, the counsel might well have dispensed with proof of those facts in reference to particular persons known to him ; but the agreement is too general, and being made without any apparent necessity or cause shown, cannot affect the legal rights of the defendants.

Without this admission, there is no proof of the demand of payment, from which alone interest can commence to run.

The separate certificate of the governor, that when the evidence was taken, W. C. Harper was a justice of the peace and notary public in the same county, is insufficient, and cannot authenticate a document which the governor never saw, and of the existence of which he was ignorant.

We are of opinion, that the evidence ought not to have been admitted, and that the case must on that account be remanded for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and the case remanded for a new trial, with directions to the judge to proceed therein according to law, and in conformity with the opinion of this court; the appellees paying the costs of this appeal.