Garland, J.
delivered the opinion of the court.
This action is brought by the indorsee of a promissory note executed by the defendant and several other persons. The answer presents several grounds of defence; to it are attached various interrogatories, which upon the usual affidavit, the plaintiff was ordered to answer. The defendant took no steps to have the interrogatories answered. The counsel for the plaintiff (who .is a resident of Mississippi,) sent a copy of the interrogatories to their client, without a commission or any authority emanating from the court to taire his answers. He went before a person who styles himself a justice of the peace in *399 and for the town and district of Grenada, in the county of Yellabusha, State of Mississippi, and it is certified he answered the interrogatories and swore to the answers.
The cause was fixed for trial on the 16th of November, 1840, on which day, the counsel for the plaintiff filed in the record the answers, together with a paper purporting to be the original commission of the person who styles himself a justice of the peace to prove his official capacity.' These papers were not enveloped or addressed to either the judge or clerk of the court, but seem to have been for some time in the possession of the plaintiff’s counsel. Upon the presentation of these papers the counsel for the defendant made affidavit that he was informed by his client, and believes that he can prove by certain witnesses that the answers filed by the plaintiff are [62] untrue. He asked for a continuance and a commission to take testimony.' Whether these requests were granted the record does not inform us.
The cause was again fixed, and on the trial the plaintiff offered to read the answers to the interrogatories previously filed as evidence. To this the counsel for the defendant objected.
■1st. Because no commission ever issued to take the answers; that they do not purport to have been taken by authority of the court; and that it was > the duty of the party required to answer interrogatories, when he resides out of the parish or State, to have his answers legally taken and returned.
2d. There is no legal evidence that the person before whom the answers are sworn to, was qualified to administer an oath on the 'Tth of May, 1840. The commission only proves he was a justice at the date of it in May, 1838, and further it is not shown that the person who took the answers is the ,same person mentioned in it, as the papers are separate and seem in no manner connected.
The judge overruled the objections and permitted the answers to be read, on the ground that a commission to take them was necessary, that the commission established that Stratton was a justice of the peace, and he took for granted his identity and signature. To this opinion the defendant took a bill of exception, and judgment being given against him, he appealed.
We think the judge erred. By the Oode of Practice either party has a right to interrogate his opponent, and the penalty for not answering is that the interrogatories are taken pro eonfesso. Arts. 349, 350. To relieve himself from this penalty he must answer. The counsel for the plaintiff says that as the defendant wished to use his adversary’s answers as testimony, he must take the necessary steps to procure them. We think differently. The defendant by filing his interrogatories and obtaining the order of the court to have them answered, has done all that was nec'essary, unless he wished them answered in open court. If he were compelled to have the answers taken [63] he might be placed in a worse situation than he would be with the penalty for negligence suspended over the plaintiff. If the party interrogated resides in the parish he must answer either in open court, before the judge at chambers, the clerk of the court, or some judicial officer having authority to administer an oath in the parish. In that case no commission is required. But if the party reside out of the parish then the art. 352 of the Oode of Practice *400 directs a commission to issue, and a notice must be given of the time and place the answers will be taken, so that the person propounding the interrogatories may be present or have himself represented. Such is the law, although the notice seems to us very unnecessary and calculated to cause embarrassment. When we first read this article we were disposed to think it was the duty of the party propounding the interrogatories to send the commission, but the latter part of it in relation to the notice indicates which party is to have the answers taken.
It is a little remarkable that no provision is made by the Code to take the answers to interrogatories propounded to parties residing out of the State; but it cannot be supposed the legislator intended the answers of .non-resident plaintiffs or defendants should be taken with less formality or sanctity than those of our own citizens residing in parishes distant from that in which their suits may be pending. If non-residents come into our courts to litigate their claims against each other, they are not entitled to more extensive privileges than our own citizens. In the case of Gabaroche v. Hebert & al. 7 Martin, N. S. 526, a commission was held necessary to take answers at a distance, though the principal question in that case was as to the form of it, and it was held that if in the shape of an ordinary commission to answer interrogatories by a witness, it was sufficient. Code of Practice, art. 138, authorizes a commission to issue.
We think that the judge erred in deciding that the mere production of [64] the commission to Stratton, was sufficient evidence of his authority to administer the oath and take the answers. It did not prove the person named in the commission was the same who swore the party, if or did it establish the fact, admitting the identity, that he was a justice at the time of his signature. He may have been a justice in 1838, but it does not follow that he was one in 1840. In 9 Martin, 291, a nearly similar question was decided. It is well settled, that when a commission is specially directed to a particular person, then no proof of his authority is required. His powers are derived from the court: but when the commission is directed generally to any judge or justice of the peace out of the State, it is indispensably necessary to prove not only that he is what he states himself to be, but is so at the time of signing the certificate. The usual evidence is stated in the case cited, but we are not to be understood as holding, that if on the production of this commission proof of identity had been given and that the man was in the open exercise of his functions, it would not have been sufficient evidence of authority. 13 La. Rep. 282, 360.
The judgment of the commercial court is annulled, avoided and reversed, and this cause remanded to be proceeded in according to law; the plaintiff paying the costs of this appeal.