## BAINE *vs.* WILSON.

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

Either party has a right to interrogate his opponent, and the penalty for not
answering is that the interrogatories are to be taken *pro confesso.*

The party propounding interrogatories has only to obtain the order of court to
have them answered. The adverse party is bound to answer at his peril.

When the answers are to be taken out of the parish, a commission issues and
the party interrogated must give notice of the time and place of answering, so
that the person propounding the interrogatories may be present.

A commission is necessary to take the answers to interrogatories out of the
State, in like manner as for a distant parish in it.

The mere production of a commission is not sufficient to authorize the person to
administer an oath and take the answers, as it does not prove he is the actual
person named in the commission and who swore the party.

A commission from the governor that such a person was a magistrate in 1838,
does not establish the fact that he was one in 1840, the time when he *acts as
such.*

EASTERN DIS.  When a commission is directed to a person ·by name, no proof of his authority
April, 1841.    or identity is required, but when directed to *any* Judge or Justice of the
                peace out of the State, it must be shown that *he is such an officer*, at the time
BAINE           he acts, as he purports to be.
vs.
WILSON.

This is an action against the defendant as one of several makers of a promissory note executed in the State of Mississippi, payable to the order of and endorsed by John McClellan. The defendant pleaded the general issue: and that the note sued on was given for the price of a tract of land, to which McClellan, the vendor, was unable and failed to make any title. That if the plaintiff is the true owner of the note (which is denied,) he took it after it was due, knowing the equities existing between the original parties. He prays that the plaintiff's demand be rejected; and that he be required to answer interrogatories touching the ownership and consideration of the note.

The interrogatories were, ordered to be answered. The party interrogated resided in Mississippi.

It appears the plaintiff went before one E. P. Stratton and answered the interrogatories on oath. The answers, with Stratton's certificate that he received them as a justice of the peace, &c., and administered the necessary oath were transmitted by the plaintiff to his counsel here, who offered them in evidence on the trial. They were, accompanied by Stratton's commission from the governor of Mississippi, that he was a justice of the peace in 1838, at the date of the commission. The answers were sworn to before him however in 1840. Their introduction as evidence was objected to, by the defendant's counsel but admitted by the Judge. There was judgment for the plaintiff, and the defendant appealed.

*Peyton & Smith*, for the plaintiff.

1. The court properly admitted in evidence the answers of the plaintiff to the defendant's interrogatories. These answers might be sworn to before any person authorized to administer an oath. That the officer in this case was a Justice

of the Peace, is proved by his original commission filed with the plaintiff's answers. If the Justice's signature had been forged how could the plaintiff have obtained possession of the original commission? Besides, the moment it is proved he was a Justice of the Peace he becomes an officer of the court for the purpose of receiving the plaintiff's affidavit, and the court will recognize his signature as such.

2. The defendant having set up a special defence has thereby waived his plea of the general denial.

*Randall*, for the defendant and appellant.

*Garland*, *J.* delivered the opinion of the court.

This action is brought by the endorsee of a promissory note executed by the defendant and several other persons. The answer presents several grounds of defence; to it are attached various interrogatories, which upon the usual affidavit, the plaintiff was ordered to answer. The defendant took no steps to have the interrogatories answered. The counsel for the plaintiff (who is a resident of Mississippi,) sent a copy of the interrogatories to their client, without a commission or any authority emanating from the court to take his answers. He went before a person who styles himself a Justice of the Peace in and for the town and district of Grenada in the county of Yellabusha, State of Mississippi, and it is certified he answered the interrogatories and swore to the answers.

The cause was fixed for trial on the 16th of November 1840, on which day, the counsel for the plaintiff filed in the record the answers, together with a paper purporting to be the original commission of the person who styles himself a Justice of the Peace to prove his official capacity. These papers were not enveloped or addressed to either the Judge or Clerk of the court, but seem to have been for some time in the possession of the plaintiff's counsel. Upon the presentation of these papers the counsel for the defendant made affidavit that he was informed by his client and believes that he can prove

by certain witnesses the answers filed by the plaintiff are untrue. He asked for a continuance and a commission to take testimony. Whether these requests were granted the record does not inform us.

The cause was again fixed, and on the trial the plaintiff offered to read the answers to the interrogatories previously filed as evidence. To this the counsel for the defendant objected.

1st. Because no commission ever issued to take the answers; that they do not purport to have been taken by authority of the court; and that it was the dutylof the party required to answer interrogatories, when he resides out of the Parish or State, to have his answers legally taken and returned.

2d. There is no legal evidence that the person before whom the answers are sworn to, was qualified to administer an oath on the 7th of May, 1840. The commission only proves he was a Justice at the date of it in May, 1838, and further it is not shown that the person who took the answers is the same person mentioned in it, as the papers are separate and seem in no manner connected.

The Judge overruled the objections and permitted the answers to be read, on the ground that a commission to take them was necessary, that the commission established that Stratton was a Justice of the Peace, and he took for granted his identity and signature. To this opinion the defendant took a bill of exception, and judgment being given against him, he appealed.

*Either party has a right to interrogate his opponent, and the penalty for not answering is that the interrogatories are to be taken pro confesso.*

*The party propounding interrogatories has only to obtain the order of court to have them answered. The adverse party is bound to answer at his peril.*

We think the Judge erred. By the Code of Practice either party has a right to interrogate his opponent, and the penalty for not answering is that the interrogatories are taken *pro confesso.*—Art. 349, 350.—To relieve himself from this penalty he must answer. The counsel for the plaintiff says that as the defendant wished to use his adversary's answers as testimony, he must take the necessary steps to procure them. We think differently. The defendant by filing his interrogatories and obtaining the order of the court to have them answered, has done all that was necessary, unless he wished them answered

in open court. If he were compelled to have the answers taken he might be placed in a worse situation than he would be, with the penalty for negligence suspended - over the plaintiff. If the party interrogated resides in the parish he must answer either in open court, before the Judge at chambers, the Clerk of the court, or some judicial officer having authority to administer an oath in the parish. In that case no commission is required. But if the party reside out of the parish then the article 352 of the Code of Practice directs a commission to issue and a notice must be given of the time and place the answers will be taken, so that the person propounding the interrogatories may be present or have himself represented. Such is the law, although the notice seems to us very unnecessary and calculated to cause embarrassment. When we first read this article we were disposed to think it was the duty of the party propounding the interrogatories to send the commission, but the latter part of it in relation to the notice indicates which party is to have the answers taken.

It is a little remarkable that no provision is made by the Code to take the answers to interrogatories propounded to parties residing out of the State; but it cannot be supposed the Legislator intended the answers of non-resident plaintiffs or defendants should be taken with less formality or sanctity than those of our own citizens residing in parishes distant from that in which their suits may be pending. If non-residents come into our courts to litigate their claims against each other, they are not entitled to more extensive privileges than our own citizens. In the case of Gabaroche vs. Hebert et al.; 7 Martin, N. S. 526; a commission was held necessary to take answers at a distance, though the principal question in that case was as to the form of it, and it was held that if in the shape of an ordinary commission to answer interrogatories by a witness, it was sufficient. Article 138, C. Pr., authorises a commission to issue.

We think the judge erred in deciding that the mere production of the commission to Stratton, was sufficient evidence of

EASTERN DIS.
April, 1841.

BAINE
vs.
WILSON.

When the answers are to be taken out of the parish, a commission issues and the party interrogated must give notice of the time and place of answering, so that the person propounding the interrogatories may be present.

A commission is necessary to take the answers to interrogatories out of the state, in like manner as for a distant parish in it.

The mere production of a commission is not sufficient to authorize the person to administer an oath and take the answers, as it does not prove he is the actual person named in the commission and who swore the party.

EASTERN DIS.
April, 1841.

VAN PELT &
FOWLER
vs.
EAGLE INS. CO.
ET AL.

A commission from the governor that such a person was a magistrate in 1838, does not establish the fact that he was one in 1840, the time when he acts as such.

When a commission is directed to a person by name, no proof of his authority or identity is required, but when directed to any judge or justice of the peace out of the state, it must be shown that *he is such an officer*, at the time he acts as he purports to be.

his authority to administer the oath and take the answers. It did not prove the person named in the commission was the same who swore the party. Nor did it establish the fact, admitting the identity, that he was a justice at the time of his signature. He may have been a justice in 1838, but it does not follow that he was one in 1840. In 9 Martin, 291, a nearly similar question was decided. It is well settled, that when a commission is specially directed to a particular person, then no proof of his authority is required. His powers are derived from the court; but when the commission is directed generally to any judge or justice of the peace out of the State, it is indispensably necessary to prove not only that he is what he states himself to be, but is so at the time of signing the certificate. The usual evidence is stated in the case cited, but we are not to be understood as holding, that if on the production of this commission proof of identity had been given and that the man was in the open exercise of his functions, it would not have been sufficient evidence of authority; 13 La. Rep., 282, 360.

The judgment of the Commercial Court is annulled, avoided and reversed, and this cause remanded to be proceeded in according to law; the plaintiff paying the costs of this appeal.