## JOHN HUGHES v. THOMAS B. LEE.

Objections to a verdict lose much of their weight, when not made before the court which tried the case originally. A case will be less readily remanded on a question of fact, where a new trial has not been moved for below. An appeal from the judgment of an inferior tribunal, founded on a verdict, should only be taken after the refusal of a new trial.

The verdict of a jury will not be disturbed, unless clearly wrong.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

This case was submitted, without argument, by *I. W. Smith*, for the plaintiff, and *Vason* and *Farrar*, for the appellant.

SIMON, J. The plaintiff, who is a shipwright, sues to recover the sum of $1160, for having furnished his blocks and falls, chains, a hulk, &c., for the purpose of raising the steam boat Campté, which was sunk in the Mississippi river, above Baton Rouge. He states, also, that the said articles were much damaged; and that on the return of the hulk, he was obliged to moor it, and get the blocks and falls on shore. The account which he files with his petition, is approved by the then master of the boat, who obtained the articles from him, in the absence of the owners, and who used them for the purpose of raising the steamer; and the defendant is sued, as part owner of the steamer, and as being bound, with others, *in solido*, to pay the amount sued for.

The answer sets up: *First*, that the defendant is not liable to the plaintiff for any sum of money whatever. *Second*, that Gillaud, who approved the account, was not the master of the boat at the time the articles were furnished, and had no authority to contract debts for the steamer Campté; that defendant had a counting house in New Orleans where he resided; and, that in his absence, he had appointed John E. Hyde, as the agent of the boat, &c. *Third*, that the amount claimed is unreasonable, and exorbitant, as one-fourth thereof would be a sufficient compensation. *Fourth*, that the articles furnished were useless and unnecessary.

The case was tried by a jury, who, after a full investigation of the facts, returned a verdict for the plaintiff in the sum of $850; and without attempting to obtain a new trial, judgment having been rendered according to the verdict, the defendant has appealed.

We are called upon to inquire into the correctness of the verdict of the jury, and the appellant appears to have declined the means of obtaining below what he claims now at our hands. We have often said that objections to a verdict lose much of their weight, when not made before the court which tried the cause (9 Mart. 286. 1 Mart. N. S. 717); and that we should remand a cause less readily on a question of fact, if a new trial was not moved for in the lower court. 5 La. 446. In the case of *Carter* v. *Caldwell*, (15 La. 491,) we said, that judgments of inferior tribunals, founded on verdicts of juries, should never come before us, without showing that an unsuccessful attempt has been made below to obtain a new trial. The law allows this right to the party who believes himself aggrieved, and the appellant should have availed himself of it. Code Pact. art. 558. 17 La. 341.

We have however, considered the merits of the case, and it does not appear to us that any error has been committed. We are unable to say that the evidence does not preponderate in favor of the plaintiff. The inferior judge was satisfied of the correctness of the verdict; its correctness was not put in question below; and as the case stands, we must again hold, that the verdict of a jury, on a question of fact, ought not be disturbed, unless clearly wrong and erroneous.

*Judgment affirmed.*