————o————

Nos. 6054 and 6086.

## JOHN T. WALSH vs. THOMAS M. WALSH AND JULIA B. WALSH, HIS WIFE.

### Syllabus.

1. A note, made and payable in a foreign country, must be governed by its laws as regards its validity and effect.

2. Oral testimony is admissible to prove the laws of a foreign country in the absence of proof that they exist in written or statutory form.

Appeal from the Civil District Court for the Parish or Orleans, Division "E," No. 104,298. Hon. G. H. Theard, Judge.

C. Hunt and T. A. Schuber, for plaintiff and appellant.

Dinkelspiel, Hart & Davey, for defendant and appellee.

D. H. Theard, curator ad hoc.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

It appearing from the allegations of the petition and from the note itself which is annexed thereto, that the promissory note upon which defendants are sued was executed jointly and severally by them in Dublin, Ireland, and is payable there, it follows as a conclusion of law, without the necessity of allegation to that effect, that the legal effect of the instrument must be governed by the laws of Ireland. Consequently the action of the trial Court in dismissing the supplemental petition which sought simply to supply this unnecessary averment, is immaterial, for under the original petition itself proof of the validity of the instrument under the laws of Ireland was admissible.

The deposition of two solicitors in Dublin was taken by commission and tendered in evidence to prove that the instrument was valid and evidenced a legal obligation of the wife under the laws of Ireland. This testimony was objected to by defendant and rejected by the trial Court on the ground that, if the obligation of the wife be valid by the laws of Ireland, it must be so by virtue of some Statute, since it was void under the common law, the basic law of Ireland; and that parol evidence of the Statute was not admissible.

The Court erred in not receiving the evidence, for the principle seems to be well settled that the law of a foreign country may be proved by parol unless it affirmatively appears that such law exists in written or statutory form.

See, 5 Martin, 673; 9 Martin, 294; 5 Robinson, 163; 2 La., 154; 4 La., 382; 17 La., 513, and 594.

It is accordingly ordered that the judgment appealed from be reversed and set aside and that the case be remanded to the trial Court to be proceeded with in conformity with the views herein expressed and according to law, the defendant and appellee to pay the costs of appeal, and those of the trial Court to await the final determination of the cause.

Reversed and remanded.

## Concurring Opinion.

ST. PAUL, J.—I concur; the remand is proper because the defense should be allowed an opportunity to rebut the testimony excluded below, which it would not have if we now dispose of the case finally.

Moreover I am not satisfied that the evidence, if admitted, would show that a wife can bind herself with her husband under the Irish law. The witnesses should have been asked that precise question, and with reference to the note itself, herein sued upon; their answers should give authority on which they rely, as asked for but not given.

Opinion and decree, March 23rd, 1914.

Rehearing refused, April 20th, 1914.

Writ granted, June 9th, 1914 [137 La., 157].