POLO & TIVILIER *vs.* NATILI ET AL.

APPEAL FROM THE CITY COURT OF NEW-ORLEANS.

The vendor of personal property may produce evidence to show that the
note sued on, was given for the *price of certain furniture*, to enable him
to enforce his privilege against it in the hands of his vendee.

Where the defendants are interrogated as to the consideration of the note
sued on, and neglect to answer, their silence must be taken *pro confessis*
and it will be deemed full proof.

This is a suit against the maker and endorser of a promis-
sory note, in which the plaintiffs had certain furniture seques-
tered in the hands of the defendants, on which they claim a
privilege as vendors.

The defendants pleaded a general denial. The evidence
shows that the plaintiffs sold a lot of furniture and rendered
a bill of it to the defendants, amounting to six hundred and
fifty dollars, for which they gave the note sued on. On the
trial, evidence was offered to show this fact, which was ob-
jected to. Interrogatories were propounded to the defendants
calling on them to state, that the consideration for which the
note was executed, was the price of the furniture sold, and
in their possession. They neglected to answer, and the
interrogatories were taken for confessed. There was judg-
ment for the plaintiffs, and the defendants appealed.

*Culbertson,* for the plaintiffs.

*Préaux,* contra.

*Martin, J.,* delivered the opinion of the court.

The plaintiffs claim from the defendants, as maker and endorser of a promissory note, its amount, with privilege on certain articles of furniture sold to them. The general issue was pleaded, and judgment was given to the plaintiffs according to the prayer of the petition. Our attention is first drawn to a bill of exception, taken by the defendants, to the admission of evidence of the note having been given for the price of the furniture, on which the privilege is asked, on the ground that the note was a novation of the debt contracted by the purchase of the furniture.

It does not appear to us that the judge *a quo* erred. See *Louisiana Code,* article 3194, on which he relied in giving judgment sustaining the privilege.

On the merits, the defendants were interrogated as to the consideration of the note, which the plaintiffs allege to be the price of the furniture, and they neglected to answer these interrogatories. They must, therefore, be taken *pro confessis.* Judgment was correctly given against them, and the sale of the furniture ordered to be made in satisfaction thereof.

It is, therefore, ordered, adjudged and decreed, that judgment be affirmed, with costs, and ten per cent. damages.

EASTERN DIST.
*January,* 1840.

The vendor of personal property may produce evidence to show that the note sued on was given for the *price of certain furniture,* to enable him to enforce his privilege against it in the hands of his vendee.

Where the defendants are interrogated as to the consideration of the note sued on, and neglect to answer, their silence must be taken *pro confessis,* and it will be deemed full proof.