HOFFMAN
*v.*
ATKINS.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

SEAMAN, BECK & CO. *v.* ROBERT BABINGTON.

Unanswered interrogatories will be taken as confessed, although there is no order of court requiring defendant to answer.

APPEAL from the District Court, Eighth District, Parish of Livingston, *Watterson*, J. *J. R. & J. D. Jones*, for plaintiffs and appellants. *Walker*, for defendant.

MERRICK, C. J. This is an action brought to recover a sum of money alleged to be due the plaintiffs upon an open account.

To establish their claim, plaintiffs annexed to their petition interrogatories on facts and articles, and prayed that they might be served on the defendant, and that if they should not be answered within the legal delay, that the same be taken as confessed.

Plaintiffs did not pray that the interrogatories should be answered in open court, nor obtain any order from the court requiring the defendant to answer them.

The defendant pleaded the general issue to the. plaintiffs' demand.

On the trial, no proof was adduced, the parties submitting the case to the court on the face of the papers. The plaintiffs insisted that, inasmuch as the interrogatories were not required to be answered in open court, no order was necessary, and they must be taken as confessed.

The District Judge being of the opinion that the order of the court was indispensable, rendered a judgment of non-suit. The plaintiffs have appealed, and contest in this court the correctness of the decision.

Were the question an open one, we should be inclined to adopt the conclusion of the District Court, as we believe it is in conformity with the general tenor of the articles of the Code of Practice and the Act of 1843. Moreover, the introduction of exceptions to general principles in practice, tend to embarrass rather than facilitate the administration of justice.

Nevertheless, we look upon the case of *Coxe* v. *Mitchell*, 7 L. R., 522, the record of which we have carefully examined without finding any order, as decisive of the question. See also cases of *Magee et al.* v. *Dunbar & B.*, 10 L. R., 546, 551; *Polo et al.* v. *Natali et al.*, 14 L. R., 260; *Derbès* v. *Decuir*, 5 R. R., 491.

SEAMAN
*v.*
BABINGTON.
The judgment of the lower court must therefore be reversed, and judgment rendered in favor of plaintiffs.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the plaintiffs do recover and have judgment in their favor and against the defendant, for the sum of six hundred and fifty-five dollars and seventy-two cents, with five per cent. interest thereon per annum, from the nineteenth day of March, 1855, until paid; and that the defendant pay the costs.