Benjamin Wade, Sen. *v.* C. W. Newton & Co.

Where defendant, in his answer in the cause, which was sworn to, responded substantially to the in-
terrogatories propounded in plaintiff's petition—*Held :* to be sufficient.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.
    *Emerson & Huntington,* for plaintiff.   *Whitaker & Fellows,* for defendants
and appellants.

Buchanan, J.  The plaintiff sued the three partners of a commercial firm,
which has dissolved, for the balance shown by an account-current, which was
made part of his petition.  The petition concludes by a prayer, " that the defen-
dants may be cited to answer hereto, and ordered also to answer the annexed in-
terrogatories on oath, within the legal delay, and that in due course of law they
may be condemned," &c.

Annexed to the petition is the following interrogatory : " Are you not indebted
to plaintiff, as set forth in the above petition and account annexed, in the sum of
$9,245 20 ?  And is not said amount now due and owing ?"

No order of court was made for the answering of this interrogatory ; but a
copy of the petition and a citation were served upon *C. W. Newton & Co.,* " by
leaving the same in the hands of *Wade, Jr.,* a member of said firm."

*C. W. Newton,* one of the defendants, filed his seperate answer to the petition,
containing a distinct and circumstantial denial of the indebtedness alleged in the
petition and account-current annexed thereto ; which answer was signed and
sworn to by the said defendant *Newton.*

The plaintiff and appellee objects that the answer of *Newton,* although it nega-
tives the interrogatory, is not what is required by Article 349 of the Code of
Practice, inasmuch as it was not offered as an answer to the interrogatory, but
as an answer to the petition.  We consider this answer sufficiently formal.  It
responds, not only substantially, but categorically, to the interrogatory pro-
pounded.  That interrogatory is itself a portion of the petition, and refers to the
allegations of the petition.  It probes the conscience of the defendant, as to the
truth of those allegations.

Two witnesses were offered by plaintiff on the trial ; one of them being one of
the defendants, and a son-in-law of plaintiff ; the other, a person who had been
book-keeper of the firm of *C. W. Newton & Co.,* which had been dissolved, and
was insolvent.  The testimony of these witnesses does not, in our opinion, invali-
date the sworn answer of the defendant.

Plaintiff relies upon a rendition of the account-current to himself, in the name
of the firm ; but it is clear, from the evidence, that *Newton* was not privy to such
rendition of account.   It appears that the credit of $10,000 upon that account,
for two items of $5,000 each, paid *Henderson & Peale* and *John Watt & Co:,*
was first given, upon the books of the concern, to *Benjamin Wade, Jr.,* who was
one of the partners.  The entry was afterwards changed, and the name of *Benja-
min Wade, Sen.,* (the present plaintiff,) was substituted for that of his son.

Both *Huntington* and *Cooling* (the witnesses of plaintiff) prove, that this change
of entry on the books was made without the privity or knowledge of *Newton,*
and that the account was also rendered without his knowledge.

WADE
v.
NEWTON.

The plaintiff has attempted to prove, by the witness *Cooling*, an acknowledgment on the part of *Newton*, that this $10,000, amount of two notes, (or drafts as they are called in this testimony,) was a loan from plaintiff to the firm. But *Cooling's* testimony on this head is very vague, and the theory that the said notes were a loan to the firm, is inconsistent with other facts proved by this witness, as well as with other evidence. On the whole, the plaintiff has utterly failed to discredit the sworn answer of the defendant, *Newton*.

The articles of copartnership of *C. W. Newton & Co.* are given in evidence by defendant, from which it appears that *Benjamin Wade, Jr.*, was to furnish, as his contribution to the capital of the partnership, the sum of thirteen thousand dollars *cash, or its equivalent*. This contract of copartnership is by notarial act, and dated the seventh day of April, 1857, it being stipulated that the partnership shall be considered as having commenced on the first day of the same month. The two documents held by the plaintiff and spoken of by his witnesses, are promissory notes, one signed by *B. Wade, Jr.*, dated 7th April, 1857, payable to the order of *C. W. Newton & Co.*, eighty-five days after date, for the sum of five thousand dollars, value received, and endorsed *C. W. Newton & Co.* and *Henderson & Peale;* the other signed *C. W. Newton & Co.*, dated 1st of April, 1857, payable to the order of *B. Wade, Esq.*, on the first day of January, 1858, for the sum of five thousand dollars, with interest at six per cent. per annum from date, value received, and not endorsed.

Both these notes are proved to be entirely written and signed by *Benjamin Wade, Jr.*, and the evidence leaves no doubt in our minds that they constituted a portion of the capital furnished by said *Wade* to the partnership stock of the firm of *C. W. Newton & Co.* One of them appears to have been negotiated to a party named *Henderson & Peale*, and to have been guaranteed by the plaintiff and taken up by him; the other to have been negotiated to plaintiff directly. There can be no doubt that the plaintiff cashed these notes for the honor of his son, although the latter used the name of the firm of *C. W. Newton & Co.* in signing one note, and endorsing the other. Their joint amount is $10,000, which added to $3,000 for which *Benjamin Wade, Jr.*, was credited, cash, on the books of the concern, makes precisely the sum which he was bound to contribute to the capital of the partnership.

The plaintiff cannot, in justice to his son's partner, *Newton*, or to the creditors of the insolvent concern in which his son was a partner, be allowed to reclaim, in this form, the amount which he may have advanced to his son, to set him up in a business which has proved unsuccessful.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; and that there be judgment against plaintiff and in favor of the defendant and appellant, *C. W. Newton*, with costs in both courts.

MERRICK, C. J., dissenting. I do not think the answer to the petition sworn to by defendant, an answer to the interrogatories on facts and articles. In my opinion the case ought to be remanded, to enable defendant to put in more formal answers.