## PHILIP HUFF *v.* S. A. FREEMAN et al.

Where interrogatories on facts and articles are not required to be answered in open court, nor to be sworn to before the Clerk, the answers sworn to before a Justice of the Peace and filed in court before the trial of the cause, cannot be objected to on the ground of their not being filed until after the day fixed in the order of court for their being answered.

An affidavit for continuance, which does not mention the names of the absent witnesses, is insufficient.

A second application for a continuance, for a ground which had already on the same trial been made and overruled, should not be heard.

One who is bound as joint and several obligor with both plaintiff and defendant upon the face of the note which is sued on, cannot be heard as a witness to fix the sole and exclusive liability upon one of the parties, although released by the other party who offers his testimony.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J. *Fuqua & Kilbourne*, and *D. C. Hardee*, for plaintiff and appellant. *James H. Muse*, for defendant.

BUCHANAN, J. This suit was instituted in 1846 upon two promissory notes signed by a married woman and her husband, and by two other persons, one of whom was the plaintiff himself. The form of each note was an obligation *in solido* of the signers.

The petition charges that these notes, although made in this form, were given, in truth, for debts of *Freeman* and his wife; and that the plaintiff was only secu·rity as to *Freeman* and wife; that plaintiff is holder of the two notes in question, and claims judgment upon the same from *Freeman*, *Mrs. Freeman*, and *Gaulden*, the other signers.

With this cause of action is joined in the same petition a revocatory action against *Freeman* and wife, and a number of other persons, which does not seem to have been prosecuted any further.

The only defendant who has answered was *Mrs. Freeman*, who by her answer filed in 1848, and supplemental answer filed in 1851, denies liability to plaintiff upon the notes, and specially pleads : 1st, that she was a married woman when she signed the notes, and was legally incapable of binding herself conjointly with her husband for debts contracted by him ; 2d, that the consideration of the notes did not enure to her benefit; 3d, that she denies all fraud and charges of fraud.

In 1854, the defendant, *Gaulden*, made a transfer to plaintiff of all his, *Gaulden's*, right, title and interest in this suit.

The cause was only brought to trial in 1859. Interrogatories on facts and articles were propounded by plaintiff to *Mrs. Freeman*, which she was ordered by the court to answer under oath on or before the 12th of April, 1859. She did answer the same on the day mentioned (12th of April,) on oath, before a Justice of the Peace, and her answers were filed in court on the 14th of April, 1859.

On the 18th of April, 1859, the cause was taken up to be tried, and a jury empanelled, who, after hearing, rendered a verdict in favor of defendant. From the judgment rendered on this verdict plaintiff appeals.

Appellant relies upon bills of exception taken by him to various rulings of the court.

1. Plaintiff moved to take the interrogatories on facts and articles to *Mrs. Freeman*, for confessed, because they were not filed in court until after the day fixed in the order of court for their being answered.

The court properly refused this motion. The order did not require the interrogatories to be answered in open court, nor to be sworn to before the Clerk.

2. Plaintiff, or rather a person named *Jelks*, who called himself "one of the plaintiffs," but whose connection with the suit does not appear upon this transcript, made an affidavit, when the case was called for trial, on the 18th of April, that the answers of *Mrs. Freeman* to interrogatories had taken him by surprise, and that he was not prepared to go to trial; that he expected to be able to contradict certain statements made in the said answers, (but did not mention the name of any witness by whom he expected to make such proof).

The court refused the continuance, and plaintiff excepted.

The court did not err. The answers to interrogatories were filed in court, as already said, four days before the trial. Plaintiff had, therefore, abundant time to summon any witnesses to contradict those answers. Besides, the affidavit for continuance is insufficient on its face, for vagueness in description of proof.

3. Plaintiff (*Jelks*), after his first application for continuance was overruled, made another application, supported by an affidavit, giving the names of witnesses by whom he expected to prove certain facts in contradiction of defendant's answers to interrogatories.

The court properly refused this application, on the ground that a party cannot ask a second time for a continuance of the cause on the same trial, for a ground which had already been the subject of an application for continuance, and overruled.

31

4. Plaintiff offered the testimony of *M. G. Gaulden*, one of the defendants, taken under commission, after giving *Gaulden* a written release " of any and all liability to me as one of the signers of the notes herein." The testimony of *Gaulden* was offered by plaintiff for the purpose of proving that the consideration for which the notes were given had enured to the exclusive benefit of *Mrs. Freeman ;* and that the other parties to the notes were but sureties. The court properly rejected this testimony, on the ground, that though released by plaintiff from responsibility, *Gaulden* could not be permitted to fix by his own testimony the sole and exclusive liability upon *Mrs. Freeman*, to pay the notes sued upon, when, upon the face of the notes, the witness was bound as a joint and several obligor with *Mrs. Freeman*.

A release of liability to the party who offers the witness, cannot have the effect of releasing the liability of that witness to the party against whom he is offered ; and such would have been the effect of the admission of *Gaulden,* as a witness in this cause.

The judgment of the District Court upon the verdict of the jury is, therefore, affirmed, with costs.

MERRICK, C. J., having been of counsel, recused himself.