## No. 59.

### CABINET MAKERS UNION *v.* P. SOMMERS.

When interrogatories on facts and articles are attached to a petition, failure to answer interrogatories within ten (10) days entitles plaintiff to have them taken for confessed.

"A company claiming to be incorporated, has only to show, that it has been regularly made a corporate body to enable it to sustain a suit beyond the jurisdiction in which it is constituted." Angell on Corporations C 372.

Although failure of defendant to answer interrogatories on facts and articles entitles plaintiff to have them taken for confessed, they need not be answered until answer to suit is necessary or required.

*Appealed from Fifth District Court, Parish of Orleans.*

*Horner* and *Benedict,* attorneys for plaintiff, appellee.

*Dalton & Walker,* attorneys for defendant, appellant.

His Honor Judge Walter H. Rogers having recused himself, he having been the judge of the lower court from which the case was appealed, L. L. Levy, Esq., Attorney at Law, acting as judge *ad hoc* delivered the opinion of the court in the words and figures following, to wit;

The Cabinet Makers Union have sued the defendant P. Sommers, on an open account of $448.25, and also on his note of $220.00. Interrogatories were prounded to Sommers which he was ordered and duly cited to answer in the legal delay. Defendant took no notice of the interrogatories beyond filing an unsworn exception to plaintiff's petition, setting up therein

that plaintiff was not a legal person, nor a corporation auth-orized by law to stand in judgment. Interrogatories were taken for confessed after 10 days. Notwithstanding the ex-ception was of record and undisposed of. Appellant Sommers contends that no day being appointed in the order for him to answer, that he had until the day of trial to answer.

The law is adverse to this pretention, article 347 Code of Practice, permits to both plaintiff and defendat to annex either to their petition or their answers, interrogatories on facts and articles, which are questions in writing in the form of articles, which one of the parties to the suit prays, that the other be ordered to answer, under oath, in order to make use of his answers as testimony in support of his demand, or to aid him in his defense. See also article 348 of the Code of Practice.

The party interrogated on facts and articles is bound to answer on oath, and categorically, each of the questions put to him, unless he cannot do so without confessing himself guilty of some crime. Except in the above case, if the party interrogated refuses or neglects to answer on oath to all the questions put to him, the facts concerning which he shall have so refused to answer, shall be taken for confessed. The ex-ception was fixed for trial and dismissed. But right of de-fendant to urge it on the merits reserved. Defendant claim-ing benefit of exception, annexed, setting up on answer same facts presented on dilatory exceptions. But defendant failed to answer interrogatories. Defendant further prayed for a trial by jury. On the day of trial no answer to interrogatories was filed. The jury acted on the issues, and their verdict was favorable to the plaintiff. The judge *a quo*, permitted plantiff to use in evidence the judgment taking the interroga-tories for confessed. There was no error in this ruling. It conveyed to the jury in a different form the instructions the plaintiff was entitled to have in absence of answers to inter-rogatories propounded. Whether judgment taking interroga-tories for confessed was premature or not was immaterial, 13 L.R. 423. Defendant was bound to answer at some time before case went to the jury. Nor was the defendant, entitled,

until the day of trial to answer for failure to appoint a day in the order. It was not necessary to have an order to answer. The right to the answers of the defendant springs from the law and exists independent of an order. It is only where the answers are called for in open court, that an order appointing a day is required.—11 A.R. 173; 14 L.R. 260; 10 L.R. 551; 5 R.R. 491.

The only remaining issue in the case, is the existence of the corporation styed Cabinet Maker's Union. If there be in law a private foreign Corporation in Indiana known by that name, it was not necessary to aver corporate capacity of the Cabinet Maker's Union, to enable it to stand in judgment. It is elementary, that the corporation must sue by the Corporate name. The name itself implies, that the Cabinet Maker's Union is a corporate body. 16 Indiana R. 275; 4 Block 367.

A company claiming to be incorporated, has only to show, that it has been regularly made a corporate body to enable it to sustain a suit beyond the jurisdiction in which it is constituted. Angell on Corporations. C 372. The power to sue is one of the incidental powers and not necessary to be expressly given in the charter. Angell & T on Corporations C 369. Kent Com. 321. To prove the Cabinet Maker's Union —a corporate body—plantiffs offer an exemplified copy of the revised statutes of Indiana, entitled, An act for the incorporation of manufacturing and mining companies and companies for mechanical, chemical, and building purposes, approved May 20, 1852. The first section of the act, provides that when three or more persons may desire to form a company to carry on any kind of business referred to in title of the act, that they shall make and sign and acknowledge before an officer capable of taking acknowledgments, a certificate in writing, which shall state the corporate name, adopted by the company, the object of its formation, the amount of capital stock, term of existence, number of directors, and their names; the name of town and county in which its operations are to be conducted; and file the same in the office of the secretary of state, and with the recorder of the town, and after comply-

ing with such formalities, the persons and their successors shall become a body corporate. The articles of association of the Cabinet Maker's Union exhibited on the trial to jury, show its organization in strict conformity with requirements of the act.

The plaintiff we think under the law and evidence fully made out his case and we affirm the judgment with costs of both courts.

CONCURRING OPINION by His Honor Judge Frank McGloin.

While acquiescing in the final conclusion reached in this case, I am compelled, regretfully, to differ with my learned colleague, judge *ad hoc* for the determination of this controversy, as to the law governing the answering of interrogatories upon facts and articles. The incidents of the case, are correctly stated in his opinion, and the sole point of difference arises in the discussion of the question, whether, previous to the defendant's being in default in the matter of filing an answer to the suit, the interrogatories could be taken *pro confesso*. The law and authorities upon this question are not clear or consistent. It will be noted, that beyond two cases specified, the one, where the questions are to be answered in open court (C.P. 351), and the other where interrogatories are propounded to a person not residing in the parish, (C.P. 352), the code does not itself expressly determine, or authorize the judge to pick the delay for making response. The fact that the law expressly imposes this duty upon the court in these exceptional instances, is a declaration, by implication, that judges are not vested with this power under other and ordinary circumstances. If, this duty, devolves upon the judge, in all such cases, it would be legislation, plain and unnecessary, to command, in particular instances the performance of that, which was already, in general, a function of the court. Even, however, if the law looks to the judge to determine the matter of the period for answering, yet, in this case, the order, requiring responses, "within the legal delays" was nugatory. If the law determines the matter, no action of the court was

necessary; and if it did not, then *quoad* this matter, there was no such thing as a legal delay. If the matter is not left, by law to the discretion of the judge, it must be because the legislature considered, that there was in the law itself some satisfactory solution of the difficulty. Defendant contends, that as no period is fixed by the law, and none was set by the court, that he should have been allowed, until the moment of trial, citing, Seal vs. Erwin, 2 Martin (n.s.) 245; Huff vs. Freeman, 15 La. Ann. 241; Lapine & Ferre vs. Roche, 15 La. Ann. 612. The first case does not go to this extent. In neither of the other two is this question expressly presented or properly discussed. The case of Huff vs. Freeman which is the strongest for defendant, practically declares, that the party interrogated, unless the answers are to be given when in court, need not respect the order of the judge fixing a date, while Lapine & Ferre vs. Roche, rendered by the same bench excused the defendant from answering, because the judge had not fixed the delay. In the case of Huff vs. Freeman, the order to answer fixed as determination of the delay, April 12, 1859, and upon that day the parties did answer and swear to them but did not file them until April 14, 1859. The court seems to have considered, that the answer and oath before the justice, was a compliance with the order, and the motion to take *pro confesso* was because of their not being filed on time, which was answered by the declaration that the order did not require them to be answered in open court, nor to be sworn to before the clerk. The position, is not a reasonable one, for it is difficult to imagine that the law contemplated placing a party who probed the conscience of his opponent, at the terrible disadvantage of remaining in ignorance of his adversaries purpose, whether to answer truly, or falsely, the questions propounded. Such timely information, may often be essential, as a guide to enable the party to know what will be necessary in order to prepare his case; for, if the answers be true, such as he expects, he need not move, and if not, he has the right to rebut them, by other evidence. No useful purpose is suggested as possibly presents itself to induce the

legislature to impose such a disadvantage upon a party, seeking to avail himself of an equitable and honorable remedy. When interpreting doubtful statutes, we are not at liberty to select constructions which impose needless hardship, or are calculated to promote injustice, when there are others, more convenient and equitable in their nature.

So far as these articles of the Code of Practice apply to a plaintiff propounding interrogatories to a defendant, I think that the law contemplated a response, as forming part of the answer to the suit itself. Article 347, requires a plaintiff to annex such interrogatories to his petition and they may be deftly considered as a part of, or an adjunct to such petition. Article 348, also speaks of them, in the same manner, as annexed to the petition, and of the prayer for due response. This latter no doubt contemplated the prayer of petition, as mentioned in Code of Practice Article 171. It is reasonable therefore to suppose the lawmaker as considering, that this portion of the petition and the special prayer should be responded to, when the defendant puts the case itself at issue by answer, if he chooses so to do, and if not, that the interrogatories stand confessed, if he fails or refuses to plead, and serves as evidence upon the confirmation of the default.

The case of Seal vs. Erwin, 2 Martin (n.s.) 245, seems opposed to these views, but they have the sanction of Wade vs. Newton, 14 La. Ann. 271. They would tend to relieve the lawmaker of the charge of enacting legislation, upon a subject of great importance, which was crude and incohate. They also furnish a rule, which is convenient to all parties, and calculated to promote the end of justice. Articles 247, and 250, authorize the proponding of "interrogatories on facts and articles," to garnishees, like those to a defendant proper. They must be annexed to the petition, original or supplemental. Article 252, expressly provides for the answer of a garnishee defendant, in such cases, being made, "within the delay given in ordinary suits"—to the same effect is C.P. 262, 263, in its connection, the counterpart of C.P. 349, imposes the penalty

of having the interrogatories taken *pro confesso*, upon a garnishee not making due answer.

I have no doubt, that the lawmaker, in enacting the article 327 *et seq.*, now under discussion, intended that the propounding of interrogatories to a defendant proper, and to a garnishee defendant, should, so far as possible, be entirely similar. Having this opinion, I do not believe that a defendant, who is not yet in default in the matter of putting the whole case at issue, can be held to be so, as to the interrogatories. These latter being part of the petition and could by its prayer, the exception filed, reach them as well as any other portion thereof, without special language or indorsement to that effect. If plaintiff had no right to sue, it had no right to interrogate. Union Bank vs. McDonough, 5 La. 66. Therefore, in my opinion, the decree ordering the interrogatories taken *pro confesso* was, by plaintiff, prematurely demanded. It does not, however follow, that the verdict and judgment appealed from are erroneous. The judge required and instructed the jury to treat and consider these interrogatories as confessed, to which defendant objected. After his original exception, to the suit itself was overruled, he put in his answer, which did not respond under oath to the questions. Nor, did he ever attempt to comply with the law according to his own construction thereof, by answering the same, upon or before the trial. Code of Practice, article 349, provides that interrogatories unanswered are to be "taken for confessed." This clearly implies that no order of court is necessary in this particular connection, but that the confession results as a legal consequence from the failure to answer. Such is the weight of authority in this state. Margre vs. Dundar, 10 La. 551; Cox vs. Mitchell, 7 La. 522; Polo and Twilier vs. Natile, 14 La. 260; Seamen Deck and Co. vs. Bobddington, 11 La. Ann. 173; Daine vs. Wilson, 18 La. 62.

Therefore, when upon the trial, the court ruled as it did, it gave to the jury, that which had become a judicial confession, without the necessity of any order to that effect, upon

the part of said court, and the inadvertent decree, entered long before did not excuse the defendants from subsequently complying with the law. The judgment appealed from should therefore stand.