GOSSETT *vs.* CASHELL.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, FOR THE PARISH OF ASSUMPTION, JUDGE COOLEY, THEN OF THE FOURTH DISTRICT, PRESIDING.

An appeal lies from an interlocutory judgment, setting aside a writ of sequestration.

The surety in a sequestration bond must reside, and have his domicil in the parish where the suit is instituted, or the sequestration may be set aside.

This is an appeal from a judgment of the District Court, setting aside the sequestration, because the surety in the bond did not reside within the jurisdiction of the court, as required by law. The facts are, that the suit was instituted in the parish of Assumption, in which the plaintiff obtained an order to sequester the crop, then growing on the defendant's plantation.

The defendant being absent, a curator *ad hoc* was appointed, who moved the court to set aside the sequestration, on the ground that the surety in the sequestration bond was not domiciliated in the parish.

It was shown, that the surety resided in the parish of St. James, at the time and since signing the bond. There was judgment ordering the writ of sequestration to be set aside, and the plaintiff appealed.

*Ilsley,* and *Nicholls,* for the appellant.

*Taylor,* contra.

*Martin, J.,* delivered the opinion of the court.

The plaintiff is appellant from an interlocutory judgment setting aside a writ of sequestration. It is contended that an appeal does not lie in this case, because the judgment is not final, and works no irreparable injury. This question is not *res nova,* and was settled in the case of the "State *vs.* Judge Lewis," 9 Martin, 301, in which we held, that this objection was not a sufficient cause for the discharge of a *mandamus nisi* to the judge of the first district.

EASTERN DIST. The sequestration was set aside on a suggestion that the
January, 1840. surety in the bond was not domiciliated in the parish.

. It appears that this suit was brought in the parish of Assumption, and there is an admission in the record that the surety resides in the parish of St. James. According to the *Louisiana Code,* article 3011, and the Code of Practice, article 276, the surety should be a resident, and have his domicil in the parish of Assumption.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.