## No. 4906.

### JOHN F. DALY *v.* E. E. DUFFY and SCHOENHAUSEN.

There is no law which prohibits a member of the bar from becoming a surety on a sequestration bond. If there be any rule of court to the contrary. it is not known on what authority it rests.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom,* J. *W. H. Hunt, W. O. Denegre,* for plaintiff and appellant. *W. W. King, Braughn & Buck,* for defendants and appellees.

MORGAN, J. This suit commenced by a writ of sequestration issued upon the following affidavit:

"Personally appeared before me the undersigned authority, John F. Daly, who being duly sworn, deposes and says, that he is the true and lawful owner of the sum of forty-five hundred dollars, in paper currency of the United States of America, now on deposit in the Teutonia National Bank of New Orleans, to the order of one E. E. Duffy and one Schoenhausen, whose christian name is to this deponent unknown; that the aforesaid sum of forty-five hundred dollars was collected by the said Teutonia National Bank of New Orleans as the proceeds of a sight draft purporting to have been drawn by your deponent on May, 15, 1873, at New Orleans, La., on Messrs. Simms, Harrison & Co., of Mobile, Ala. Deponent further specially denies ever having drawn

any such draft in favor of said E. E. Duffy or said Shoenhausen (whose christian name is to this deponent unknown), or deponent avers that if any such draft ever was by him drawn, it was totally without consideration, and while he was drugged and bereft of his reason by the machinations of said E. E. Duffy and the said Schoenhausen.

" Deponent further avers that he fears that the said E. E. Duffy and the said Shoenhausen (whose christian name is to this deponent unknown) will withdraw the said sum of forty-five hundred dollars from the said Teutonia National Bank of New Orleans, and will part with, conceal or dispose of the same during the pendency of this suit, and that a writ of sequestration is necessary to protect the rights of deponent herein.

" Wherefore he prays that the accompanying interrogatories be served upon Charles Potthoff, the President of the Teutonia National Bank of New Orleans, and that he be ordered to answer the same within the legal delays.

"(Signed) JOHN F. DALY.

" Sworn to and subscribed before me this nineteenth day of May, A. D. 1873.

" (Signed) PAUL T. ABADIE, Deputy Clerk."

On the following day he presented a petition to the judge in which the allegations of the affidavit are reiterated, and in which he prayed that a writ of sequestration issue, that the sheriff take into his possession the money levied by him, and that after a hearing, he be decreed to be the owner thereof.

On the same day the defendants took a rule on the plaintiff to show cause why the sequestration should not be set aside on the grounds:

" *First*—Because the affidavit made by plaintiff is false and untrue in every particular.

" *Second*—Because the sequestration bond is informal, null and void.

" *Third*—Because the surety upon the sequestration bond is not good and solvent and not possessed of the legal qualifications.

" *Fourth*—Because the surety upon the sequestration bond (Thos. S. McCay, Esq.,) is an attorney-at-law, and as such, prohibited by the Rules adopted for the government of the district courts, from being on a bond or security in any cause."

Daly died, and Parker, Public Administrator, made a party to the suit, prosecutes an appeal from a judgment dismissing the sequestration.

*First*—It is not shown that the affidavit is false.

*Second*—The bond is in the usual form.

*Third*—The surety on the bond swears that he is worth the sum therein stipulated for, his property consisting partly in real estate. It is contended that his estimate of the value of this property is exaggerated, but we are not satisfied that such is the case.

Daly v. Duffy and Schoenhausen.

*Fourth*—We know of no law which prohibits a member of the bar from becoming a surety on a sequestration bond. If there be any rule of court to the contrary, we do not know upon what authority it rests.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, annulled and reversed, and that the rule herein taken on the twentieth of May, 1873, to set aside the sequestration herein, be dismissed; defendants to pay the costs in both courts.

Rehearing refused.