## No. 6169.

### J. J. McCOOK & BROTHER vs. E. B. WILLIS ET AL.

The plaintiffs, living at Natchitoches, Louisiana, having claims against the defendants, residents of Sabine county, Texas, brought this suit in the parish of Sabine, Louisiana, proceeding by attachment levied upon a lot of merchandise that was being transported through the parish to the defendants, living in Texas, and who owned said merchandise.

It is shown that four sureties signed the attachment bond, three of them residents of the parish of Sabine and the other a resident of the parish of Natchitoches. It was properly objected that one of the sureties, who has his domicile in the parish of Natchitoches, is not a legal surety such as the law requires on attachment bonds. The other sureties, residing in the parish of Sabine, are neither individually nor collectively good for the amount of the bond.

It has been often ruled that all the requirements of the law must be rigidly complied with when resort is had to what has been characterized as the harsh remedy of attachment. The attachment in this case was properly dissolved and the suit dismissed.

APPEAL from the Seventeenth Judicial District Court, parish of Sabine.  *J. B. Elam,* judge *ad hoc.*   *Jack & Pierson* and *J. F. Smith,* for plaintiffs and appellants.   *M. J. Cunningham* and *T. P. Chaplin,* for defendants and appellees.

TALIAFERRO, J.   The plaintiffs, living at Natchitoches, Louisiana, having claims against the defendants, residents of Sabine county, Texas, brought this suit in the parish of Sabine, Louisiana, proceeding by attachment levied upon a lot of merchandise that was being transported through that parish to the owners, the defendants, living in Texas.  Various exceptions were taken by the defendants and the curator *ad hoc* to the alleged illegality of the proceedings, and a motion was made to dissolve the attachment and to dismiss the suit.  The judge of the district court being recused, an attorney at law was appointed judge *ad hoc* to preside and determine the case.

The objections principally relied upon to show nullity fatal to the proceedings in attachment are two, viz:   That copies of the citation and attachment were not served by the sheriff by affixing copies of the same on the door of the room where the court in which the suit is pending is held, as required by article 254 of the Code of Practice; that no legal and sufficient attachment bond was given.

McCook & Brother vs. Willis.

The first of these exceptions was overruled. The second was sustained and the suit dismissed. The plaintiffs have appealed.

We conclude the decision was properly rendered. It is shown that four sureties signed the bond, three of them residents of the parish of Sabine and the other a resident of the parish of Natchitoches. It was properly objected that Ponder, one of the sureties, who has his domicile in the parish of Natchitoches, is not a legal surety, such as the law requires on attachment bonds. All the requirements of the law, it has been often ruled, must be rigidly complied with when resort is had to what has been characterized as the harsh remedy of attachment. Ponder, the security residing in the parish of Natchitoches, it seemed to the court *a qua* was the only surety on the bond that was solvent. The others, residing in the parish of Sabine, were not considered individually or collectively good for the amount of the bond. The evidence introduced on the subject of the solvency of the sureties, in our opinion, justifies the conclusions of the judge *ad hoc*. 14 La. 245; 1 An. 307; C. P. 245; C. C. 3042.

It is therefore ordered that the judgment appealed from be affirmed with costs.