(50 South. 825.)

No. 17,967.

STATE v. BABIN.

In re BABIN.

(Nov. 29, 1909.)

1. ATTORNEY AND CLIENT (§ 17*) — BAIL OR SURETY.

Under Civ. Code, art. 3042, as amended by Acts 1876, p. 109, No. 67, and article 3064, prescribing the qualifications of sureties, an attorney may become a surety on his client's bail bond, notwithstanding a rule of court declaring that attorneys shall not be accepted as sureties on the bail bonds of their clients.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 25; Dec. Dig. § 17.*]

2. ATTORNEY AND CLIENT (§ 17*)—SURETIES— "ANY JUDICIAL OR MINISTERIAL OFFICER."

Acts 1880, p. 18, No. 11, making it unlawful for any judicial or ministerial officer of any of the courts of the state to go bail for any prisoner, etc., refers exclusively to such officers as judges, clerks, sheriffs, and their deputies, etc., as directly constitute the machinery of the court, and does not prohibit an attorney from becoming a surety on his client's bail bond, though an attorney is an officer of the courts generally.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 25; Dec. Dig. § 17.*]

Application by George E. Babin for a writ of mandamus against the Judge of the Juvenile Court, Parish of Orleans, to compel the acceptance of a bail bond. Peremptory mandamus awarded.

W. A. Bahns, for relator. Walter Guion, Atty. Gen., and St. Clair Adams, Dist. Atty. (R. G. Pleasant, of counsel), for respondent.

PROVOSTY, J. The relator asks for a mandamus to compel the acceptance of his attorney as surety on his bail bond. The respondent judge assigns, as his reason for refusing to accept the surety, that by a rule of his court attorneys are not accepted as sureties on the bail bonds of their clients.

That attorneys may go surety for their clients, notwithstanding a rule of court to the contrary, has been held in a civil case. Daly v. Duffy, 26 La. Ann. 468. And the decision has equal force in a criminal case, since the qualification of sureties is a matter of statutory law. Civ. Code, art. 3064; Id. art. 3042, as amended by Act No. 67, p. 109, of 1876. And, of course, a statute cannot be changed by a rule of court.

The learned respondent judge has not assigned Act No. 11, p. 18, of 1880, as a basis for his action. Nevertheless we have considered whether said act disqualifies a lawyer from going bail for his client, and have concluded that it does not. It reads:

"Section 1. Be it enacted by the General Assembly of the state of Louisiana, that hereafter it shall not be lawful for any judicial or ministerial officer of any of the courts of this state, to go bail for any prisoner or other person in any prosecution or criminal proceeding in their respective courts, or to become surety for the appearance of any prisoner or other person before their respective courts to answer any criminal charge.

"Sec. 2. Be it further enacted, etc., that any judicial or ministerial officer who violates the foregoing section shall be deemed guilty of a misdemeanor, and on conviction shall be fined or imprisoned, or both, at the discretion of the court, or shall be sentenced to labor on the public works, roads, or streets of the parish or city, as the case may be, for a term not to exceed six months."

We think that this act has reference exclusively to those officers, such as judges, clerks, and sheriffs, and their deputies, criers,

stenographers, etc., who more directly 'than the lawyer constitute the machinery of the court. True, the lawyers of the state are, in a certain sense, officers of the courts of the state; but they are the officers of the courts generally, not of any "respective courts." If this statute had reference to lawyers, a lawyer would be disqualified from going bail on the bond, not merely of his client, but of anybody in a criminal case—as well on a bond in another parish as in his own, since he is licensed to practice in every court of the state, and hence is as much the officer of one court as of another. A lawyer signing a bail bond in any court of the state would be committing a crime. Such cannot be the intendment of the statute.

The mandamus is made peremptory.