REID, Judge.
Plaintiffs instituted a petitory action in the Seventeenth Judicial District Court for the Parish of Terrebonne. Only one of the defendants, Mrs. Nessie Naquin Hebert, was served and she filed a motion for a bond for costs in the amount of $500.00 and prayéd in default of furnishing said bond within 15 days of service this proceeding be dismissed.
Plaintiffs filed a cost bond signed by one of their attorneys, Solomon S. Goldman as surety. Defendant then ruled plaintiffs into Court to show cause why the bond should not be declared invalid on the ground Rule 25 of the 17th Judicial District Court prohibits attorneys at law from acting as surety for their clients in civil and criminal cases pending in that Court. Plaintiffs answered averring such rule of Court was violative of LSA-Revised Statutes 13:4522 and 13:4571 et sequa, now LSA-C.C.P. Article 5121, and contending under these Articles there is no restriction on the right of a financially qualified person to become surety on a judicial bond.
When the rule came up for trial defendant urged as additional grounds for invalidity of bond that the surety was a nonresident of Terrebonne Parish.
Upon trial of the rule the same was made absolute and the cost bond was declared invalid. A motion for a new trial was filed and denied, and judgment was signed on June 5, 1962 declaring the bond for cost signed by Solomon S. Goldman, a resident of the Parish of Orleans, as surety invalid. From this judgment the plaintiffs have brought this appeal.
The defendant appellee in her brief sets forth three questions to be determined by this Court.
Since an appeal was taken only from the order declaring the bond insufficient and not from the order of Court dismissing the suit, the first question is whether this matter is now moot.
The appellee only cites LSA-Revised . Statutes 13:4522 in support of her contention the matter is moot. This Statute reads:
“The defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the court such suit or intervention, as the case may be, shall be dismissed without prejudice. This section shall not apply to the Parish of Orleans and to cases brought in forma pauperis, nor to the state or any political subdivision thereof.”
The original order of Court orders the plaintiffs to furnish security in the sum of $500.00 within 15 days of service, and in default this proceeding be dismissed at plaintiffs’ costs. This order was dated May 7, 1962. On May 15, 1962 the bond for costs, signed by plaintiffs’ attorney Mr. Goldman was filed. On May 18, 1962 the rule to have the bond declared invalid was filed and by order of the Court was made returnable on June 5, 1962. The judgment was rendered and signed June 5, 1962 de *283 •claring the bond invalid. On June 14, 1962 plaintiffs filed their motion and order for a devolutive appeal and furnished an appeal bond signed by a surety company on June 20th. This appeal was from the judgment declaring the bond invalid. Counsel for the appellees argued that in as much as four days elapsed after the judgment rendered the bond invalid and plaintiffs failed to file a new cost bond the case was automatically dismissed. The plaintiffs under LSA-C.C.P. Article 5125 are not allowed a suspensive appeal, but there is no prohibition against a devolutive appeal.
After the judgment was rendered and signed decreeing the bond invalid there was no judgment or order dismissing plaintiffs’ suit as in case of non-suit. Since plaintiffs took their devolutive appeal in time and it is now pending before this Court we do not see where the question is moot.
The next question concerns whether Rule No. 25 of the 17th Judicial District Court, Parish of Terrebonne, declaring no attorney shall serve as a surety on a bond is valid. Counsel for the plaintiffs relies on two cases, Daly v. Duffy, 26 La.Ann. 468 and State v. Babin, 124 La. 1005, 50 So. 825.
In the opinion Daly v. Duffy, supra, it was held:
“We know of no law which prohibits a member of the bar from becoming a surety on a sequestration bond. If there be any rule of court to the contrary, we do not know upon what authority it rests.”
State v. Babin, supra, was a criminal case involving a rule of Court declaring that attorneys shall not be accepted as sureties on the bail bonds of their clients:
“The realtor asks for a mandamus to compel the acceptance of his attorney as surety on his bail bond. The respondent judge assigns, as his reason for refusing to accept the surety, that by a rule of his court attorneys are not accepted as sureties on the bail bonds of their clients.
“That attorneys may go surety for their clients, notwithstanding a rule of court to the contrary, has been held in a civil case. Daly v. Duffy, 26 La. Ann. 468. And the decision has equal force in a criminal case, since the qualification of sureties is a matter of statutory law. Civ. Code, art. 3064; Id. art. 3042, as amended by Act No. 67, p. 109, of 1876. And, of course, a statute cannot be changed by a rule of court.” (Emphasis ours.)
This question of an attorney being surety on a bail bond in a criminal matter is now moot because the same is prohibited by Art. 88 of C.C.P. LSA-R.S. 15:88. This Article which is Act 2 of 1928 provides:
“No practicing attorney or counselor shall become security or bail for the appearance of any person charged with a felony or a misdemeanor in any criminal cause and any such surety or bail shall be void.”
This brings us to the last question, can a resident of the Parish of Orleans furnish a bond for costs in Terrebonne Parish without first having a Judge pass on his qualifications under LSA-C.C. Article 3042. This Article reads:
“The debtor obliged to furnish security must offer either a surety company authorized to do business in the State of Louisiana, or a person able to contract, who has property liable to seizure within the State of sufficient value to answer for the amount of the obligation, and who is domiciled in the parish where the security is to be given.
“Whenever it shall be made to appear to the satisfaction of the judge having jurisdiction thereof that any person who has been appointed to discharge the duties of administrator, executor, tutor, curator, or any fiduciary trust whatever, is unable to give security in the parish, the judge shall have power *284 to order that sureties residing in any other parish be received.
“Where surety is tendered of persons residing out of the parish, the judge alone shall pass on the sufficiency thereof, and shall require such proof as he may deem necessary.”
Plaintiffs did not request the Judge’s approval of the surety on account of his residence out of the parish. No attack has been made on the financial responsibility of Mr. Goldman, but Counsel for the defendant argues because Mr. Goldman is a non-resident of Terrebonne Parish he is barred from signing a cost bond. Plaintiffs cite the case of Hartman-Salmen, Inc. v. Maloney, La.App., 156 So. 83, which case holds in part:
“Therefore the fact that the surety on the bond resided outside of the jurisdiction of the court was not a circumstance that rendered the bond null and void because the surety might be shown to be competent upon such proof as the court would require.”
Counsel for the defense cites no Louisiana cases in support of the contention that the rule of the Court is valid but relies exclusively on American Jurisprudence and Corpus Juris Secundum. The citation found in 14 American Jurisprudence 355 “Courts” Sec. 151 reads:
“It is well established that courts have the inherent power to prescribe such rules or practice and rules to regulate their proceedings and facilitate the administration of justice as they may deem necessary. Notwithstanding this rule-making power is, in my jurisdictions, expressly conferred or recognized by constitution or statutory enactments, and in the case of Federal courts, by acts of Congress.”
However, Sec. 152, 14 American Jurisprudence, page 357 reads:
“The power of courts to make such rules as they may deem necessary is subj ect to the limitation that such rules must not contravene a statute or the organic law. As against conflicting statutory provisions such rules are without force. They must be subordinate to the law, and in case of conflict the law will prevail. This is, of course, fundamentally true when the conflict is with the organic law or with a substantial right at common law or under a statute regulating procedure. This limitation is generally embodied, when the rule-making power is exercised under statutory authority, in the statute conferring such authority.
Rules of court cannot abrogate or modify substantive law and can neither enlarge or restrict jurisdiction. Again, it is clear, whether any statute directly controls the subject or not, that a litigant cannot be rule of court be deprived of a substantial right or so embarrassed in its exercise that he may be deprived without his fault of its benefit. If a rule of court attempts to interfere with or control the rules of evidence, it cannot be supported.
Appellee further states that this rule is well stated in 7 C.J.S. Attorney and Client § 45, p. 822, as follows:
“In the absence of a statute or rule-of court, an attornejr may be surety for his client on any bond or obligation-which the proceedings in a case may render necessary. There is no question, however, as to the power of the-courts or of the legislature to make a rule or statute that attorneys shall not be taken as sureties on bonds of their clients or others in judicial proceedings, and it is now generally prohibited in most jurisdictions, either by statute, or by rule of court. The rule disqualifying attorneys from becoming bail has been applied in a jurisdiction where it seems that there was neither a statute nor a rule of court to that effect, and an attorney of the court proposed as bail was rejected, and under a statute *285 which expressly prescribed the qualifications of bail without referring to what have always been held by the common law as disqualifications of persons who are proposed for bail, it was held that the common-law disqualification of practicing attorneys still obtained. While in some jurisdictions this disqualification does not extend to cases where the attorney was not employed as counsel, in others it extends to all cases pending in the courts, as well justices’ courts as courts of record.”
The above quote 7 C.J.S., supra, especially provides that in absences of statutes or rules of court an attorney may be surety for a client on any bond or obligation which the proceedings in any case may render necessary. In our opinion this is a well recognized rule of law and our state has recognized it when the Legislature seeking to prevent attorneys from going bail bonds for their clients or anyone charged with an offense adopted Article 88, C.C.P. Had the Legislature intended to prevent attorneys from signing bonds in civil cases, except where it was especially prevented by law, they would have enacted a law to this effect. The failure of the Legislature to enact a law prohibiting attorneys from signing bonds in all civil cases clearly shows that they did not intend to prevent attorneys from signing bonds except in certain special cases. Since the law of Louisiana has been set out in Daly v. Duffy, supra, and has not been overruled it is the law of Louisiana and an attorney cannot be prohibited from signing a judicial bond in civil cases by any rule of Court.
Counsel for defendant cites Gossett v. Cashell, 14 La. 245. This case however is a decision that a sequestration bond must be signed by a surety residing in the parish. There are several instances where the law specifically provides that the surety must reside in the parish in which the bond is furnished. In fact, LSA-C.C. Article 3042 provides that a surety must be a resident of the parish, but it also provides where a surety resides outside the parish the judge shall hear evidence to determine the financial responsibility of the surety.
The other case cited by the defendant appellee is State ex rel. Zuntz & Sporl v. Judge, 30 La.Ann. 582. This case is not in point because the statute therein specifically provided the surety be a resident of the parish.
For the foregoing reasons the judgment of the Lower Court is erroneous and is reversed. It is further ordered the case be remanded to the District Court for further proceedings, costs to be borne by defendant.
Reversed and remanded.