Dear Sheriff Naquin:
Your request for an Attorney General opinion has been forwarded to me for research and response. In particular you have asked the following questions:
 1. May a city police officer post bail to have a prisoner released from jail?
 2. Does the term "ministerial officer of a court" in La. C. Cr. P. art. 320 apply to a city police officer?
 3. Would the term apply if such police officer is required to occasionally serve court papers issued by district court?
The Louisiana Supreme Court in State v. Babin stated, "We think that this act (currently La. C. Cr. P. art. 320) has reference exclusively to those officers, such as . . . sheriffs, and their deputies. . . ." State v. Babin, 50 So. 825, (La. 1909). While the comment made in Babin is dicta, when interpreting La. C. Cr. P. art. 320 and its predecessor statutes, the Louisiana courts have never defined the term "ministerial officer of a court." As a result, the dicta in Babin is the only time the issue has been addressed.
Other judicial comments do lend credibility to the dicta inBabin. For example, in Louisiana Western Lumber Co. v. Stanford,156 So. 434, 424 (La. 1934), the Louisiana Supreme Court stated that the duty of collecting a debt "is imposed by law on the sheriff, who is primarily a ministerial officer." In this case, the sheriff is a "ministerial officer of a court" because he executes the order given by a court. Likewise, city police officers are "ministerial officer(s) of a court" because they also must conduct duties that execute judgments of a court.
La. R.S. 13:1892 also authorizes ". . . any police officer of the city or town . . ." to conduct a process of service within this jurisdiction. When analyzing La. R.S. 13:1892, the Attorney General in an opinion stated, "the chief of police and/or his deputies may be compelled to make effective service of process within his jurisdiction under La. C. Cr. P. art. 320." Atty. Gen. Op. No. 92-165. Since the law provides that city police officers may be required to conduct these tasks, they fall within the definition of a "ministerial officer of a court" under La. C. Cr. P. art. 320 as used in the Babin decision.
In conclusion, it is the opinion of the Attorney General that a city police officer may not post bail under La. C. Cr. P. art. 320 because a city police officer is a "ministerial officer of a court." Further, La. C. Cr. P. art. 320 specifically prohibits a "ministerial officer of a court" from posting bail, and such a term would apply regardless of the frequency by which that officer is required to serve process of a court.
I hope this opinion has adequately addressed your needs. If I can be of further assistance, please do not hesitate to contact me. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ KATHLEEN PETERSEN Assistant Attorney General